**NOT FOR PUBLICATION**                                         **CLOSED**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                    :
JAMALUD-DIN ALMAHDI,                :
                                    :   Civil Action No. 07-4617 (SRC)
            Plaintiff,              :
                                    :
                                    :
        v.                          :   **OPINION**
                                    :
C. BOURQUE, et al.,                 :
                                    :
            Defendants.             :
_____:

**CHESLER**, District Judge

   Plaintiff Jamalud-Din Almahdi, currently residing at 20 Branford Place, Suite 608, in Newark, New Jersey, seeks to bring this action in forma pauperis pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging violations of his constitutional rights.  Based on his affidavit of indigence, the Court grants Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1998) and order the Clerk of the Court to file the Complaint.

   At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the

reasons set forth below, the Court concludes that the Complaint should be dismissed with prejudice.

I. BACKGROUND

Plaintiff, Jamalud-Din Almahdi ("Almahdi"), brings this action against the following defendants: C. Bourque, the Program Manager at the Community Education Center, Inc. ("CEC"); S. Ugaz, CEC staff member; D. Funderbuck, CEC staff member; D. Garcia, Discipline Hearing Officer ("DHO") at the Brooklyn Metropolitan Detention Center ("MDC Brooklyn"); and the United States Parole Commission. (Complaint Caption, ¶¶ 3-7). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Almahdi alleges that he was scheduled for release on parole from the CEC on March 29, 2007, but on March 22, 2007, Defendant Bourque wrote an incident report saying that plaintiff had violated Code 297 (use of telephone for abuse other than criminal activity; for example, circumventing telephone monitoring procedures). On March 26, 2007, Defendant Ugaz advised Almahdi of his rights at a "CDC" hearing.[1] Defendant Funderbuck found Almahdi guilty of the prohibited act of contacting other inmates

---

[1] Almahdi does not identify "CDC" but it would appear that he is referencing a disciplinary committee hearing.

currently incarcerated without first obtaining permission. Funderbuck recommended that Almahdi be remanded to a secure facility and that his case be reviewed by the Parole Commission to set a future release date.  Almahdi was transferred from the CEC to the MDC Brooklyn on March 26, 2007.  (Compl., ¶¶ 9-11, 13).

The matter was then referred to DHO Garcia for a formal hearing, pursuant to the Parole Guidelines Manual.  However, without any hearing or opportunity for Almahdi to be heard in person or to present witnesses or documentary evidence, the DHO sanctioned Almahdi to loss of telephone privileges for 180 days and a 30 day retardation of parole release.  The Parole Commission reset Almahdi's parole release date from March 29, 2007 to May 28, 2007.  (Compl. ¶¶ 12, 14, 15).

Almahdi accuses the Parole Commission of failing to meet certain minimum procedural requirements before his parole could be revoked.  He also states that both Defendants Ugaz and Bourque knew or should have known that he was charged on the wrong code violation.  Almahdi claims that he was not given a copy of the decision at the CDC hearing until May 8, 2007.  He further asserts that the DHO rendered a decision without conducting a hearing and that the Parole Commission delayed his parole release date without a hearing.  (Compl. ¶¶ 15-20).

Almahdi asserts that his right to procedural due process was violated, and he seeks nominal money damages of $5,000 against each defendant and $10,000 in punitive damages. He also asks that his disciplinary sanction be expunged. (Compl. ¶ 21, Relief). He states that he exhausted his administrative remedies through the established grievance procedures. (Compl. Introduction).

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Here, Almahdi was a prisoner who is proceeding in forma pauperis, and he is asserting claims against government prison officials with respect to incidents occurring while he was confined. Consequently, this action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). See also Erickson, 127 S.Ct. at 2200

(In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson, 127 S. Ct. at 2200 (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citation omitted)).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004) (complaint satisfying notice pleading requirement that it contain a short, plain statement of the claim but lacking in sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint unless such amendment would be futile or inequitable); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 453 (3d Cir. 1996).

### III.  BIVENS ACTIONS

Almahdi brings this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  In

<u>Bivens</u>, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment.  In doing so, the Supreme Court created a new tort as it applied to federal officers and a federal counterpart to the remedy created by 42 U.S.C. § 1983.[2]  The Supreme Court has also implied <u>Bivens</u> damages remedies directly under the Eighth Amendment, <u>see</u> <u>Carlson v. Green</u>, 446 U.S. 14 (1980), and the Fifth Amendment, <u>see</u> <u>Davis v. Passman</u>, 442 U.S. 228 (1979).

In order to state a claim under <u>Bivens</u>, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law.  <u>See</u> <u>Mahoney v. Nat'l Org. For Women</u>, 681 F. Supp. 129, 132 (D. Conn. 1987) (citing <u>Flagg Bros., Inc. v. Brooks</u>, 436 U.S. 149, 155-56 (1978)).

The United States has sovereign immunity except where it consents to be sued.  <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983).  In the absence of such a waiver of immunity, Almahdi cannot proceed in an action for damages against the United States

---

[2] <u>Bivens</u> actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights.  <u>Egervary v. Young</u>, 366 F.3d 238, 246 (3d Cir. 2004), <u>cert. denied</u>, 543 U.S. 1049 (2005).  Both are designed to provide redress for constitutional violations.  Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into <u>Bivens</u> suits.  <u>Chin v. Bowen</u>, 833 F.2d 21, 24 (2d Cir. 1987).

or an agency of the federal government for alleged deprivation of a constitutional right, see FDIC v. Meyer, 510 U.S. 471, 484-87 (1994), or against any of the individual defendants in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (a suit against a government officer in his or her official capacity is a suit against the government).  Therefore, Almahdi's Bivens claim asserting denial of procedural due process in violation of the Fifth Amendment is dismissed in its entirety against the United States Parole Commission.

However, a Bivens-type action seeking damages from the individual defendants is an action against them in their individual capacities only.  See, e.g., Armstrong v. Sears, 33 F.3d 182, 185 (2d Cir. 1994); Johnston v. Horne, 875 F.2d 1415, 1424 (9th Cir. 1989).  Here, Almahdi also asserts that he is seeking money damages from federal officials who were acting in their individual capacities.  Accordingly, the Court will review the Complaint to determine whether it states any cognizable claims sufficient to withstand summary dismissal at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

IV.   ANALYSIS

The Due Process Clauses of the Fifth and Fourteenth Amendments provide that liberty interests of a constitutional dimension may not be rescinded without certain procedural protections.  U.S. CONST. amend. XIV.  In Wolff v. McDonnell, 418

U.S. 539 (1974), the Supreme Court set forth the requirements of due process in prison disciplinary hearings. An inmate is entitled to (1) written notice of the charges and no less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 563-71. An inmate is also entitled to an inmate representative in some cases and a written decision by the factfinder as to evidence relied upon and findings. See Von Kahl v. Brennan, 855 F. Supp. 1413, 1418 (M.D. Pa. 1994)(citing Wolff, 418 U.S. at 563-72). However, in Wolff, the Supreme Court held that, while prisoners retain certain basic constitutional rights, including procedural due process protections, prison disciplinary hearings are not part of criminal prosecution, and an inmate's rights at such hearings may be curtailed by the demands and realities of the prison environment. Id. at 556-57; Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991).

The Bureau of Prisons ("BOP") has specific guidelines for inmate disciplinary procedures, which are codified at 28 C.F.R. § 541.10, et seq. Prohibited acts are categorized according to the severity of the conduct. Code Level 100s are deemed the

9

"Greatest", code level 200s as "High", and proceeding to 400 level codes as "Low Moderate." The Prohibited Acts Code and Disciplinary Severity Scale is set forth at 28 C.F.R. § 541.13 Tables 3-5. Incident reports are prepared in accordance with § 541.14 and are referred to the UDC for an initial hearing pursuant to § 541.15.

The UDC hearing is typically conducted within three working days of the incident, but may be extended for good cause pursuant to § 541.15(b) and (k). The UDC may refer the matter to the DHO for further proceedings pursuant to § 541.15(f).

DHO hearing procedures are set forth at 28 C.F.R. § 541.17. These procedures require the following: (a) 24-hour advance written notice of charge before inmate's initial appearance before the DHO; this right may be waived, § 541.17(a); (b) an inmate shall be provided a staff representative at the DHO hearing, if so desired, § 541.17(b); (c) an inmate is entitled to make a statement and to present documentary evidence at the DHO hearing; the inmate may also call witnesses to testify on his behalf, but may not himself question the witnesses, § 541.17(c); (d) the inmate is entitled to be present throughout the hearing, except during a period of deliberation or when institutional security would be jeopardized, § 541.17(d). The DHO shall prepare a record of the proceedings that documents the advisement of the inmate's rights, the DHO's findings, the DHO's decision, the specific evidence relied upon by the DHO, and a brief

statement of the reasons for imposition of sanctions.  28 C.F.R. § 541.17(g).  A written copy of the DHO's decision and disposition must be provided to the inmate ordinarily within 10 days.  Id.

These procedures are intended to meet or exceed the due process requirements prescribed by Wolff.  See Von Kahl, 855 F. Supp. at 1418.

Here, Almahdi asserts that he was denied his right to present witnesses or evidence and that the DHO never conducted a hearing as required before imposing disciplinary sanctions affecting his telephone privileges and parole release date.  These allegations, if true, may be sufficient to show that Almahdi was denied procedural due process during his prison disciplinary hearing.  However, Almahdi's principal argument is that the Defendants should have known that he was charged with the wrong disciplinary code violation.  Moreover, Almahdi seeks to have his record expunged.  Thus, this Court finds that Almahdi's purported claim for damages is subject to dismissal, because Almahdi is actually challenging the result of the disciplinary proceeding.

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State

Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, *i.e.*, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983 (a form of relief not available through a habeas corpus proceeding).  The Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

12

Heck, 512 U.S. at 486-87 (footnote omitted).  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 487 (footnotes omitted).  The Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  Id. at 489-90.

Later, in Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court applied the lessons of Preiser and Heck to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits.  The Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the

13

challenged judgment, which in that case was the disciplinary finding and punishment.  Edwards, 520 U.S. at 646-8.

Here, Almahdi clearly alleges that the disciplinary finding should be expunged because it was based on the wrong code violation.  Thus, this action is barred under Heck and Balisok because a favorable outcome in this case would necessarily imply the invalidity of his prison disciplinary finding.  Almahdi's sole federal remedy in this instance would be a writ of habeas corpus.

However, Almahdi can not bring a federal habeas petition because he is no longer in custody.  Moreover, any claim that he was denied procedural due process during his disciplinary hearing, which would entitle him to a new proceeding, is rendered moot by his release from prison.  Therefore, the Complaint will be dismissed with prejudice in its entirety.

## V. CONCLUSION

For the reasons expressed above, the Court will dismiss the Complaint with prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  An appropriate Order follows.

                                                          s/ Stanley R. Chesler  
                                                      STANLEY R. CHESLER  
                                                      United States District Judge

Dated: March 18, 2008