**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
JAMALUD-DIN ALMAHDI,              :
                                  :    Civil Action No. 07-4617 (SRC)
            Petitioner,           :
                                  :
      v.                          :    **O P I N I O N**
                                  :
C. BOURQUE, et al.,               :
                                  :
            Respondents.          :
                                  :
_____

**APPEARANCES:**

    JAMALUD-DIN ALMAHDI, Petitioner pro se
    c/o Bailey Homes, LLC
    20 Bramford Place, Suite 608
    Newark, New Jersey 07102

**CHESLER**, District Judge

    This matter comes before the Court upon pro se plaintiff, Jamalud-Din Almahdi's ("Almahdi") motion for reconsideration of this Court's March 19, 2008 Opinion and Order, which dismissed Almahdi's Complaint with prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Almahdi filed his motion for reconsideration on or about March 27, 2008. (Docket Entry No. 5).

    In order to entertain petitioner's motion for reconsideration, the Court will have the Clerk reopen the file. This motion is decided without oral argument pursuant to Federal

Rule of Civil Procedure 78. For the reasons stated below, the motion will be denied, and the Clerk will be directed to re-close the file.

## I.  BACKGROUND

On or about September 27, 2007, Almahdi filed a Complaint against numerous defendants alleging that the defendants violated his right to procedural due process during prison disciplinary proceedings. Almahdi claims that the incident report was in error because he was charged with the wrong code violation. He also alleges that he was not given an opportunity to be heard or present witnesses or documentary evidence before he was sanctioned to the loss of telephone privileges and a 30-day retardation of his parole release. Almahdi asked that his disciplinary sanction be expunged and that he be awarded nominal and punitive damages of $15,000.00.

In an Opinion and Order filed on March 19, 2008, this Court dismissed the Complaint because plaintiff failed to state a cognizable claim for relief. In particular, this Court found that, while Almahdi may be able to show that he was denied procedural due process during his prison disciplinary proceeding, his claim was subject to dismissal because Almahdi is actually challenging the result of the proceeding, namely, that the disciplinary finding and sanction be expunged because it was allegedly based on the wrong code violation. Thus, Almahdi's

Complaint is barred under Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 510 U.S. 641 (1997) because a favorable outcome in Almahdi's case would necessarily imply the invalidity of his prison disciplinary finding, which had not otherwise been overturned or invalidated by a state court.  Almahdi's sole federal remedy would have been a writ of habeas corpus.  Moreover, this Court found that any claim that Almahdi was denied procedural due process during his disciplinary hearing was rendered moot by his release from prison, because the relief for such a claim would have entitled him to a new proceeding only.

In a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e),[1] Almahdi contends that the Court's decision was erroneously rendered.  First, he claims that Heck does not apply.  Second, Almahdi states that he has alleged a malicious prosecution claim based on a lack of probable cause for making the prison disciplinary charge, and not based on alleged violations of procedural due process.

Almahdi also argues that requiring prisoners to get their prison disciplinary sanctions reversed before they can challenge them in a civil rights action under 42 U.S.C. § 1983 would be unfair because administrative proceedings provide limited

---

[1] Almahdi mistakenly invokes Rule 59(e), which pertains to a judgment rendered by trial.  The appropriate Federal Rule of Civil Procedure is found under Rule 60(b), relief from a judgment or order based on any reason that justifies such relief.  Fed. R. Civ. P. 60(b)(6).

procedural protections.  Plaintiff reiterates that he did not receive the procedural due process protections afforded under Wolff v. McDonnell, 418 U.S. 539 (1974).

Finally, Almahdi contends that his action is not moot because the disciplinary charge remains as a "stigma" on his record, which may be taken into account if his parole is rescinded in the future.

## II.  ANALYSIS

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b).  Id.  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp. 2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(i); see NL Indus., Inc. v. Commercial Union Ins., 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See

4

United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  Compaction Sys. Corp., 88 F. Supp. 2d at 345; see also L. Civ. R. 7.1(i).  "The word 'overlooked' is the operative term in the Rule."  Bowers, 130 F. Supp. 2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp. 2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court.  Bowers, 130 F. Supp. 2d at 613; Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J.

1992); Egloff v. New Jersey Air Nat'l Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp. 2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Indus., 935 F. Supp. at 516 ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998)(citation omitted).

Assuming that Almahdi is proceeding under Rule 60(b) for relief from judgment or order, the Rule provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir.), cert. denied, 537 U.S. 947 (2002)).

> A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances."  Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981).  Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'"  Moolenaar v. Government of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987).  Rather, relief under rule 60(b) is available only under

>such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'" Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987) (quoting Martinez-McBean v. Government of the Virgin Islands, 562 F.2d 908, 913 (3d Cir. 1977)). "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'" Moolenaar, 822 F.2d at 1346 (citations omitted).

Tischio v. Bontex, Inc., 16 F. Supp. 2d at 533.

Here, this Court finds that Almahdi has failed to show any special circumstances that would justify granting relief under Rule 60(b)(6), the only applicable provision for relief. Almahdi simply disagrees with this Court's decision based on issues of law that are completely without merit.

First, even if Heck is inapplicable as alleged by plaintiff, this Court also based its decision on Edwards v. Balisok, 520 U.S. 641 (1997), which held that a claim challenging the constitutionality of procedures used in a prison disciplinary proceeding is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, which in that case was the disciplinary finding and punishment. Edwards, 520 U.S. at 646-8. Although Almahdi contends that he is not alleging a violation of his procedural rights, but rather a malicious prosecution claim based on a lack of probable cause for the prison disciplinary finding, he is actually challenging the result of the proceeding because he wants the disciplinary finding expunged.

Moreover, Almahdi's argument that habeas relief is not satisfactory because any administrative review would deny him procedural due process is not supported by law.  He cannot use this alleged ground to circumvent the process for habeas review, which is the only means available to invalidate a prison disciplinary finding as Almahdi is most certainly trying to do.

Finally, the fact that Almahdi may be under supervised release does not change the fact that his release from prison has rendered any viable claim for a new prison disciplinary hearing moot.  The argument, however, may support a claim that he is still "in custody" should he attempt to bring a habeas petition to challenge his prison disciplinary finding.

In sum, Almahdi fails to allege that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration.  Instead, it appears that Almahdi merely disagrees with this Court's decision.  Thus, he cannot satisfy the threshold for granting a motion for reconsideration or for relief from judgment under Rule 60(b).  He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.

Almahdi's only recourse, if he disagrees with this Court's decision, should be via the normal appellate process. He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

### III. CONCLUSION

Therefore, for the reasons expressed above, the Clerk will be directed to reopen this file for review of Almahdi's motion for reconsideration, and the motion will be denied for lack of merit. An appropriate Order follows.

          s/Stanley R. Chesler
          STANLEY R. CHESLER
          United States District Judge

Dated: June 13, 2008